UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND; TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND; and THE CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK,

Petitioner,

-against-

PROGRADE CONSTRUCTION, INC.,

Respondent.

Case No. 1:26-cv-04805 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

On June 8, 2026, Petitioners Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund (the "ERISA Petitioners"), Trustees of the New York City Carpenters Relief and Charity Fund (the "Charity Petitioners"), and The Carpenter Contractor Alliance of Metropolitan New York (the "CCA Petitioner," and together with the Charity Petitioners and ERISA Petitioners, the "Petitioners") filed a Petition under Section 301 of the Labor Management Relations Act ("LMRA") of 1947, 29 U.S.C. § 185, to confirm the April 25, 2026 arbitration decision and award of $78,724.37 (the "Award"). *See* Dkt. 1 ("Pet."); Dkt. 1-12 ("Award"). Petitioners also seek reasonable attorneys' fees and costs for bringing this action.

For the following reasons, the Petition is GRANTED.

## BACKGROUND

The following undisputed facts are principally taken from the Petition and the documents attached therein. *See generally* Pet.

The ERISA Petitioners are labor organizations within the meaning of Section 301 of the LMRA with principal offices in New York. *Id.* ¶ 4. The Charity Petitioners are trustees of a charitable organization established under section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3), with its principal place of business in New York. *Id.* ¶ 5. The CCA Petitioner is a New York not for-profit corporation. *Id.* ¶ 6. Respondent, Prograde Construction, Inc. ("Prograde" or "Respondent"), is a New York corporation with its last known principal place of business in New York. *Id.* ¶ 8.

At all relevant times, Respondent was a party to a collective bargaining agreement ("CBA") with the Union, and an employer in an industry affecting commerce as defined in Section 501 of the LMRA, 29 U.S.C. § 142. *See id.* ¶¶ 7, 14; Dkt. 1-3 ("CBA"). The CBA provides for the submission of disputes to arbitration for a final binding decision. CBA art. XII, § 3. Petitioners later established a Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"), which additionally provides for the resolution of disputes through arbitration. *See* Pet. ¶¶ 20-21; Dkt. 1-9 ("Collection Policy"). The CBA and the Collection Policy provide that, should Petitioners be required to initiate arbitration, they are entitled to collect "(1) interest on the unpaid contributions at the prime rate plus 2%; (2) an amount equal to the greater of (a) interest on the delinquent contributions or (b) liquidated damages in the amount of 20% of the unpaid contributions; (3) audit costs; and (4) reasonable costs and attorneys' fees incurred." Pet. ¶ 26; CBA art. XV; Collection Policy art. I § 4(11).

A dispute arose when Prograde failed to cooperate with the auditors and refused to produce its books and records for purposes of conducting an audit, as required by Article I, Section 4 of the Collection Policy. Pet. ¶¶ 23, 30. Petitioners subsequently conducted an estimated audit of Respondent covering the period of July 28, 2024, through March 1, 2026. *Id.* ¶ 31. That audit revealed that Respondent failed to remit contributions to Petitioners in the principal amount of $59,440.92. *Id.*; Dkt. 1-10.

On March 21, 2026, pursuant to Article XII of the CBA and Article I of the Collection Policy, Petitioners initiated arbitration before Jeffrey G. Stein and served notice upon Respondent. Pet. ¶ 32; Dkt. 1-11 ("Notice of Arbitration" or the "Notice"). The Notice advised that a hearing was to be held on April 16, 2026, at 9:30 a.m. for Respondent's failure to produce books and records and that Petitioners were seeking an amount of $59,400.92 plus interest, liquidated damages, costs, and attorney's fees. *See* Notice of Arbitration at 1. Thereafter, the arbitrator held a hearing at the designated time and place on April 16, 2026. *See* Award at 2. No representatives from Respondent attended the hearing. *See id.* at 2. The arbitrator rendered the Award on April 25, 2026, holding that Prograde violated its contractual obligations by refusing to permit the examination of its books and records by Petitioners' auditors. *See id.* at 6. The Award directed Respondent to submit its books and records to an audit in accordance with its contractual obligations and pay Petitioners the amount of $78,724.37 plus interest at an annual rate of 8.75%. *Id.* at 6-7. The Award was served on Respondent on April 27, 2026. *See* Pet. ¶ 37; Dkt. 1-13. To date, Respondent has refused to comply with the Award, Pet. ¶ 38, and Respondent has not moved to modify or vacate the Award, *id.* ¶ 40.

Petitioners filed the instant Petition to confirm the Award and a supporting memorandum of law on June 8, 2026. *See generally* Pet.; Dkt 5. Petitioners further filed

contemporaneous records reflecting time spent and all activities performed in the prosecution of this matter in support of Petitioners' request for attorneys' fees in the amount of $648.00 and court costs in the amount of $490.00. Pet. ¶¶ 48-49. On June 10, 2026, the Court set a briefing schedule, requiring any opposition to the Petition from Respondent to be filed by July 8, 2026. Dkt. 7. Respondent was served with the Petition and supporting papers by UPS Overnight Mail and personal service at its business address on June 10, and 11, 2026. *See* Dkts. 8-9. Following Respondent's failure to file an opposition or enter an appearance, the Court provided Respondent with more time and extended the deadline for Respondent's opposition to July 22, 2026. Dkt. 10. To date, Respondent has not appeared in this case, responded to the Petition, contacted the Court, or otherwise sought relief from the Award.

Petitioners seek confirmation of the Award based on their unopposed motion for summary judgment. Dkt. 12.

## DISCUSSION

### I. Standard of Review

The Court's review of an arbitration award under the LMRA is "narrowly circumscribed and highly deferential — indeed, among the most deferential in the law." *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 532 (2d Cir. 2016). "The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *Beijing Shougang Mining Inv. Co. v. Mongolia*, 11 F.4th 144, 160 (2d Cir. 2021) (quoting *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997)). An award should be confirmed as long as the arbitrator is "arguably construing or applying the contract and acting within the scope of his [or her] authority." *Nat'l Football League*, 820 F.3d at 532 (quoting *United Paperworkers Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)). "In other

words, 'an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached.'" *Landau v. Eisenberg*, 922 F.3d 495, 498 (2d Cir. 2019) (quoting *Landy Michaels Realty Corp. v. Local 32B-32J Serv. Emps. Int'l Union*, 954 F.2d 794, 797 (2d Cir. 1992)). Notwithstanding this deferential standard, and the fact that this Petition is unopposed, the Court must still examine the record as it would in the context of a motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006) (holding that "the petition and accompanying record should have been treated as akin to a motion for summary judgment based on the movant's submissions"). The Court must "determine if [the petitioner] has met its burden of demonstrating that no material issue of fact remains for trial." *Id.* at 110 (quoting *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004)).

## II. Converting the Petion to an Unopposed Motion for Summary Judgment

"Unanswered petitions to confirm arbitration awards should be treated as unopposed motions for summary judgment — so long as the petition is accompanied by a record that shows 'an agreement to arbitrate and the arbitration award itself.'" *Restrepo v. Raikos Electric Ltd. Liab. Co.*, No. 25-cv-04947 (RER) (SDE), 2026 WL 2650961, at *3 (E.D.N.Y. Aug. 26, 2026) (citing *D.H. Blair*, 462 F.3d at 109). The Court must first examine "the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). "Even unopposed motions for summary judgment must 'fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244).

Because the evidentiary record contains the CBA, the Collection Policy, the Notice of Arbitration, and the Award, the Court will treat Petitioners' motion to confirm as an

unopposed motion for summary judgment. *See, e.g.*, *id.* at 109-10 (finding conversion to summary judgment appropriate where the petitioner submitted written contracts, the arbitration award, and an order denying recalculation of the award); *Restrepo*, 2026 WL 2650961, at *4 (finding that the court could treat the petition as an unopposed motion for summary judgment where the petitioner submitted a collective bargaining agreement, collection policy, notice of intent to arbitrate, and the arbitration award); *Elec. Indus. Bd. of Nassau & Suffolk Cntys. v. Wire to Water Inc.*, No. 26-cv-01220 (GRB) (LGD), 2026 WL 2050959, at *4 (E.D.N.Y. July 15, 2026) (same). The parties were informed that the Court would treat that Petition as a summary judgment motion, Dkt. 7, and Respondent has failed to file any opposition despite being provided additional time to do so, Dkts. 10, 12.

## III. Confirmation of the Award

Petitioners timely filed the Petition to confirm the April 25, 2026 Award, as the Petition was filed within one year of the Award on June 8, 2026. *See Photopaint Techs., LLC v. Smartlens Corp.*, 335 F.3d 152, 159-60 (2d Cir. 2003) (holding that "a party to an arbitration is entitled to the benefits of the streamlined summary proceeding" to confirm if "it files at any time within one year after the award is made"). Respondent chose not to appear in this case or oppose the Petition after having been provided sufficient notice and time to respond. On August 28, 2026, Petitioners noted that Respondent had failed to appear or oppose their Petition and asked that the Court consider their unopposed motion for summary judgment. Dkt. 12. After review of the Petition and supporting exhibits, the Court finds that there is no genuine issue of material fact in dispute precluding summary judgment for Petitioners.

Respondent was obligated under the Collection Policy to provide its books and records and resolve disputes via arbitration. *See* Collection Policy art. I §§ 4(1), 6(2). Respondent,

despite receiving all notices in the matter, failed to respond or appear at the arbitration hearing on April 16, 2026. *See* Award at 2. Notwithstanding service of the Petition and supporting papers, as well as ample time to respond, Respondent did not file any opposition. Based on the record presented, there is more than a "colorable justification" for the Award. *Landau*, 922 F.3d at 498 (quoting *Landy Michaels Realty Corp.*, 954 F.2d at 797). Therefore, the Court confirms the Award in favor of Petitioners and orders the Respondent to submit to the required audit and pay $78,724.37, plus interest at an annual rate of 8.75% as set forth in the Award.

## IV. Attorneys' Fees and Costs

Petitioners further seek $648.00 in attorneys' fees for 1.8 hours of attorney time and $490.00 in costs expended to litigate this Petition. *See* Pet. ¶¶ 48-49.

In federal courts, under the American rule, a prevailing party generally cannot recover its attorneys' fees absent statutory authority. *See Int'l Chem. Workers Union (AFL-CIO), Loc. No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985) (detailing American rule and noting that Section 301 of the LMRA does not provide for attorneys' fees in actions to confirm an arbitrator's award).

A court has inherent equitable power to award attorneys' fees when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Int'l Chem. Workers Union*, 774 F.2d at 47 (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)). In the context of confirmation of arbitration awards, the Second Circuit has articulated the following "guiding principle" regarding this inherent equitable power: "when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (citation omitted); *see also Commodities & Mins. Enter. Ltd. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819-20 (2d Cir. 2022) (reiterating the

standard that even if the FAA does not provide statutory authority for the imposition of legal fees, fees could be awarded under the court's inherent equitable powers and "[a]s applied to suits for the confirmation and enforcement of arbitration awards, the guiding principle has been [that] when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded" (second alteration in original) (quoting *Int'l Chem. Workers Union*, 774 F.2d at 47)). "Courts in this district have thus routinely awarded attorney's fees when the respondent has neither complied with the award nor opposed the petition to confirm arbitration." *Gelman v. Borruso*, No. 19-cv-10649 (RA), 2020 WL 4266678, at *4 (S.D.N.Y. July 23, 2020) (collecting cases); *see also Dist. Council No. 9 Int'l Union of Painters & Allied Trades v. City Newark Glass Co.,* No. 23-cv-09537 (GHW), 2024 WL 2783897, at *3 (S.D.N.Y. May 28, 2024) (awarding attorneys' fees in confirmation action where respondent did not appear at hearing, failed to satisfy the award, failed to oppose the petition to confirm the award, and therefore "failed to offer any justification for its refusal to abide by the decision of the arbitral panel"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. IKNA Constr., Inc.*, No. 25-cv-03395 (VM), 2025 WL 2391332, at *2 (S.D.N.Y. Aug. 18, 2025) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Blackstar Mech. Grp. 740 Inc.*, No. 23-cv-03163 (JPC), 2024 WL 1988327, at *4 (S.D.N.Y. May 6, 2024) (same).

Petitioners have provided detailed time records and met their burden of proving the reasonableness and necessity of the modest hours spent (1.8 hours), rates charged ($430/hour and $325/hour), and litigation costs incurred. *See* Dkt. 1-14; *see also Watkins v. Smith*, No. 12-cv-04653 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015) ("In the Southern

District of New York, fee rates for experienced attorneys in small firms generally range from $250 to $450 in civil cases."); *Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974 v. Visual Acoustics, LLC,* No. 17-cv-05431 (JGK), 2018 WL 1596196, at *3 (S.D.N.Y. Mar. 29, 2018) (awarding $2,910 in attorneys' fees for 9.7 hours of work); *Trs. of the Dist. Council No. 9 Painting Indus. Ins. Fund v. Jonathan Metal & Glass Ltd.*, No. 24-cv-05420 (ER), 2025 WL 2015142, at *4 (S.D.N.Y. July 17, 2025) (awarding $2,520 in attorneys' fees for 8.4 hours of work).

The Court concludes the costs for this action are reasonable and necessary, consisting solely of the filing fee with the Southern District of New York at $405.00 and the $85.00 statutory fee paid to the New York State Secretary of State to effectuate service on the Respondent. *See* Pet. ¶¶ 48-49.

**CONCLUSION**

For the reasons stated above, the Court GRANTS Petitioners' unopposed Petition to confirm the Award. The Clerk of Court is respectfully requested to enter Judgment in favor of Petitioners and against Respondent as follows:

(a) The Award issued by the arbitrator, dated April 25, 2026, is confirmed;

(b) Respondent shall immediately make its books and records available to Petitioners for purposes of an audit in compliance with the Award;

(c) Respondent shall pay Petitioners $78,724.37 pursuant to the Award, pre-judgment interest thereon to accrue from April 25, 2026 at the annual rate of 8.75%; and

(c) Respondent shall pay Petitioners $648.00 in attorneys' fees and $490.00 in costs arising out of this Petition.

The Clerk of Court is thereafter directed to CLOSE this case.

Dated: November 13, 2026
New York, New York

SO ORDERED.

Jennifer Rochon

JENNIFER L. ROCHON
United States District Judge